IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SENTINEL GLOBAL PRODUCT SOLUTIONS, INC.,

    Plaintiff,

v.

HYDROFARM, INC. ET AL,

    Defendants.

No. C -13-05432(EDL)

**ORDER REMANDING CASE**

On August 23, 2013, Plaintiff filed suit against Defendants in the Superior Court of Sonoma County. Defendants removed the case on the basis of federal question jurisdiction. Plaintiff then filed an amended complaint that alleged stated law claims only and asked this Court to sua sponte remand the case. The Court ordered Defendants to show cause by January 28, 2014, why the Court should not remand the case. Defendants did not respond to the Court's order.

When considering whether to retain supplemental jurisdiction, courts consider "economy, convenience, fairness, and comity." Acri v. Varian Assocs., 114 F.3d 999, 1001 (9th Cir. 1997). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Given the procedural posture of this case, these factors all weigh in favor of remand. The Court therefore remands this case to the Superior Court of Alameda County. The Court notes that the parties have stipulated that each Defendant shall have thirty days from the date of this order to respond to the first amended complaint.

**IT IS SO ORDERED.**

Dated: February 10, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2